FILED24 MAY '11 10:39USDC-ORP

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

UNITED STATES OF AMERICA,                          Crim No. 10-339-HA

     Plaintiff,                                   OPINION AND ORDER

     v.

JEFFERSON BRYANT DAVIS,

     Defendant.

_____

HAGGERTY, District Judge:

     Defendant Jefferson Bryant Davis is charged with six counts related to sex trafficking of a

minor. Defendant previously filed a Motion to Suppress Evidence that was granted in part and

denied in part. This court suppressed all physical evidence seized by the police on November 1,

2009. This court also suppressed the statements made by two minors, "VCC" and "CM," on

November 1, 2009, but held that VCC's statements after April 1, 2010 were admissible.

     Defendant now seeks to suppress cellular telephone (cell phone) records from Verizon

Wireless obtained by the government through a grand jury subpoena. This court heard oral

argument on this motion on May 17, 2011. For the following reasons, defendant's Motion to

Suppress Evidence [94] IS DENIED.

1 - OPINION AND ORDER

## BACKGROUND

On May 20, 2010, a federal grand jury issued a subpoena to Verizon Wireless for subscriber information related to a specific cell phone number. The subpoena requested information from October 1, 2009 to the present, including:

> all customer or subscriber account information for any accounts registered to the telephone number (503) 915-8810 and any other numbers on the account, including but not limited to name(s), date of birth, social security numbers, driver's license, addresses, local and long-distance monthly statements, telephone toll billing records to include incoming and outgoing calls for target number or any other number on the account, please also include payment information to include credit cards and/or bank account information.

Def.'s Mem. at Ex. A.

Upon receiving the subpoena, the Custodian of Records for Verizon complied by disclosing over 27,000 voice and data transmissions. The records covered the period from October 28, 2009 through March 31, 2010, and included information showing: the initiating phone number; any dialed numbers; the date, time, and duration of each call; the call direction; and the "network element." Def.'s Mem. at Ex. B. According to Verizon, the network element identifies the switching equipment that transacted the call. *Id.* Switches are named by the basic geographic area that they cover, and route calls for hundreds of cell sites. *Id.*

The cell phone records at issue list the network element related to each incoming and outgoing call on the subject cell phone. *Id.* These records show network elements named after cities in Oregon, Washington, California, and Nevada. *Id.* (naming Portland, Hillsboro, Eugene_MTX01, Tacoma3, RedmondRidge, Seattle2, etc.). The records do not include specific cell site information.

2 - OPINION AND ORDER

## DISCUSSION

Defendant raises statutory and constitutional challenges in his suppression motion. First, defendant asserts that the government's subpoena violated the plain terms of the Stored Communications Act (SCA), 18 U.S.C. §§ 2701-12, because it was an excessively broad request. Second, defendant asserts that the government violated his constitutional rights under the Fourth Amendment of the United States Constitution by obtaining his cell phone records without a warrant. Defendant argues that the records revealed minute-by-minute geographic data about defendant's whereabouts, and that such a prolonged surveillance violates his privacy interests. He seeks suppression of the records and all physical and testimonial evidence obtained as alleged fruits of the poisonous tree.

After considering the briefing and argument by the parties, this court concludes that defendant has not met his burden of demonstrating standing to contest the government's acquisition of the cell phone records in this case. Accordingly, this court declines to reach defendant's constitutional argument.

Notwithstanding this court's conclusion that defendant lacks standing to challenge the seizure of the phone records, this court also finds that network element information was properly disclosed pursuant to the SCA as a "telephone connection record." *See* 18 U.S.C. § 2703(c)(2)(C). To the extent that the government's subpoena request may have violated the SCA by requesting specific information not delineated in the statute, Congress expressly ruled out suppression as a remedy for section 2703(c) violations. *United States v. Smith*, 155 F.3d 1051, 1056 (9th Cir. 1998); 18 U.S.C. § 2708.

The Fourth Amendment protects against unreasonable searches and seizures by the government. U.S. Const. amend. IV. To claim the Fourth Amendment's constitutional

3 - OPINION AND ORDER

protections, a defendant must demonstrate that he or she had a reasonable expectation of privacy in the property searched. *United States v. Reyes-Bosque*, 596 F.3d 1017, 1026 (9th Cir. 2010).

The question for standing purposes is whether the defendant has a possessory or ownership interest in the items seized. *United States v. Thomas*, 447 F.3d 1191, 1197 (9th Cir. 2006). A reasonable privacy expectation is not solely dependent on a defendant's property right in the particular item. *United States v. Caymen*, 404 F.3d 1196, 1199 (9th Cir. 2005). Rather, the inquiry focuses on whether the defendant exhibited an actual expectation of privacy in the item, and whether that subjective expectation of privacy is one that society is prepared to accept as reasonable. *Id.* at 1199-1200. To determine the reasonableness of a defendant's privacy expectations, the court may consider concepts of property law and general societal understandings of property, including whether an individual possessed the item, had permission from the owner to use the item, and had the right and ability to exclude others from the item. *Thomas*, 447 F.3d at 1198.

Courts have concluded that an individual does not have a legitimate expectation of privacy in items that are not in the individual's name. *United States v. Lozano*, 623 F.3d 1055, 1062-63 (9th Cir. 2010) (O'Scannlain, J., specially concurring) (citing *United States v. Smith*, 39 F.3d 1143, 1145 (11th Cir. 1994); *United States v. Daniel*, 982 F.2d 146, 149 (5th Cir. 1993); *United States v. Koenig*, 856 F.2d 843, 846 (7th Cir. 1988); *United States v. Givens*, 733 F.2d 339, 341-42 (4th Cir. 1984)); *see also United States v. Perez*, 64 Fed. App'x 635, 636 (9th Cir. 2003) (unpublished).

Similarly, although an individual may have a subjective expectation of privacy in property that is attached to a fictitious name, that is not a privacy interest that society recognizes as reasonable. *United States v. Lewis*, 738 F.2d 916, 919-20 n.2 (8th Cir. 1984); *United States v.*

*DiMaggio*, 744 F. Supp. 43, 46 (N.D.N.Y. 1990) (holding that when an individual withholds his true identity "he has effectively repudiated any connection or interest in the item vis-a-vis society"); *see also Lozano*, 623 F.3d at 1064 (O'Scannlain, J., specially concurring).

Following this reasoning, several district courts have held that a defendant lacks standing to challenge cell phone records in which the defendant was not a registered subscriber. *See, e.g.*, *United States v. Navas*, 640 F. Supp. 2d 256, 264 (S.D.N.Y. 2009), *reversed on other grounds by United States v. Navas*, 597 F.3d 492 (2d Cir. 2010); *United States v. Suarez-Blanca*, No. 1:07-CR-0023-MHS/AJB, 2008 WL 4200156, at *6-7 (N.D. Ga. Apr. 21, 2008) ("The subscriber name indicates that [the defendant] either was trying to distance himself from the cell phone or had no interest in the cell phone. As such, the use of a fictitious name or names of third party indicates that [the defendant] does not have a privacy interest in the phones."); *United States v. Skinner*, No. 3:06-CR-100, 2007 WL 1556596, at *15-17 (E.D. Tenn. May 24, 2007) (finding no reasonable expectation of privacy in cell phone records where the defendant was not the legitimate subscriber to the phone); *United States v. Solomon*, No. 02: 05cr385, 2007 WL 927960, at *3 (W.D. Pa. March 26, 2007). This court agrees with the conclusion reached by these district courts.

During oral argument, the government notified this court that defendant was not the registered subscriber for the phone number linked to the subpoenaed records. The phone number was registered to a subscriber named "Josh Smith." Defendant's true name and address were not attached to the telephone number in any manner. The government explained that it believed the registered name and address for the number were fictitious based on its investigation. The government does not dispute that defendant used the number in question.

This court finds that defendant's mere use of the telephone number is insufficient to create a legitimate privacy interest in the cell phone records. Defendant was not the registered owner or subscriber of the phone, and he was not registered as a permissible user. Defendant has presented no evidence that he had the permission of the subscriber—if Josh Smith is an actual person—or that he used an alias to obtain the phone.

Moreover, even assuming *arguendo* that defendant had a legitimate expectation of privacy in the subject cell phone, he lacked a reasonable expectation of privacy in the records obtained in this case. It is well established that a reasonable expectation of privacy extends only to the content of telephone conversations, not to records that indicate that the conversations occurred. *United States v. Lustig*, 555 F.2d 737, 747 n.10 (9th Cir. 1977); *see also United States v. Clenney*, 631 F.3d 658, 666 (4th Cir. 2011) (holding that telephone customers have no constitutionally cognizable privacy interests in basic subscriber information). Basic subscriber data which identifies a call's origination, destination, duration, and time of call enjoy no privacy protection because the data is incidental to the use of the telephone, and contains no content information. *See United States v. Reed*, 575 F.3d 900, 914-16 (9th Cir. 2009).

Telephone users realize that telephone companies retain records of this information for a variety of legitimate business purposes, including billing and fraud protection. *Smith v. Maryland*, 442 U.S. 735, 41-43 (1979). Telephone companies also maintain records of the identity and location of the cellular antenna towers that received signals from a specific cell phone to determine whether roaming charges should apply and to track call volume by location. *In re U.S. for an Order Authorizing the Use of Two Pen Register & Trap & Trace Devices*, 632 F. Supp. 2d 202, 205 (E.D.N.Y. 2008); *In re Applications of U.S. for Orders Pursuant to 18 U.S.C. § 2703(d)*, 509 F. Supp. 2d 76, 78 (D. Mass. 2007).

6 - OPINION AND ORDER

When an individual uses a telephone, he or she must expose certain information, including the number dialed, to the telephone company's switching equipment to enable the company to transfer the call. *Smith*, 442 U.S. at 744 (citation omitted). Such information is not considered reasonably private because it must be transmitted to the service provider for specific routing purposes. *United States v. Forrester*, 512 F.3d 500, 510 (9th Cir. 2008) (citation omitted). In this case, the information at issue refers to the identity of the switching equipment used in directing defendant's calls, which may or may not have been exposed knowingly to the telephone company for routing purposes.

A debate exists amongst the courts regarding whether location information is knowingly and voluntarily exposed to the telephone company for these purposes.[1] However, this court need not wade into these muddy waters because the network element information at issue in this case falls within the scope of basic subscriber information.

The records in this case do not list private location data. The network element merely identifies the switching equipment, which the Supreme Court likened to an operator, that routed telephone calls. *See Smith*, 442 U.S. at 744. These records do not constitute continuous

---

[1] *See, e.g., See In re Application of the United States of America for an Order Directing a Provider of Electronic Communication Service to Disclose Records to the Government*, 620 F.3d 304, 317 (3d Cir. 2010) (observing that customers are likely unaware that "their cell phone providers collect and store historical location information . . . the only information that is voluntarily and knowingly conveyed to the phone company is the number that is dialed."); *Id.* at 321 n.11 (Tashima, J., concurring) (questioning the majority's conclusion in light of *Smith v. Maryland*); *U.S. Telecom Ass'n v. FCC*, 227 F.3d 450, 459 (D.C. Cir. 2000) (finding no legitimate expectation of privacy in information, including cell site location information, conveyed to the telephone company in order to complete calls); *In re U.S. for Historical Cell Site Data*, 747 F. Supp. 2d 827, 839-40 (S.D. Tex. 2010) (rejecting the government's argument that the cell site tracking data had been voluntarily conveyed to the provider by the customer); *United States v. Velasquez*, No. CR 08-0730 WHA, 2010 WL 4286276, at *5 (N.D. Cal. Oct. 22, 2010) (noting that cell phones are voluntarily carried and turned on or off by their users).

7 - OPINION AND ORDER

surreptitious monitoring of defendant. They indicate when someone made or received a call on

this cell phone, and which switching equipment transacted the call. The records provide no

detailed location data or cell-site information that was unknowingly and automatically

transmitted to Verizon absent any action by the telephone user. As a result, these records are

admissible as business records. *See United States v. Ahumada-Avalos*, 875 F.2d 681, 683 (9th

Cir. 1989) (citing *Smith*, 442 U.S. at 737-45).

## CONCLUSION

For the reasons provided, defendant's Motion to Suppress Evidence [94] is DENIED.

IT IS SO ORDERED.

DATED this **24** day of May, 2011.

Ancer L. Haggerty
United States District Judge