IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**UNITED STATES OF AMERICA**,

v.

**JEFFERSON BRYANT DAVIS**,

      Defendant.

Case No. 3:10-cr-339-SI

**ORDER**

**Michael H. Simon, District Judge.**

On July 22, 2011, Defendant Jefferson Bryant Davis pleaded guilty to one count of sex trafficking of a minor. On October 25, 2011, the Court (the Hon. Ancer L. Haggerty, presiding) sentenced Mr. Davis to a term of imprisonment of 240 months, followed by five years of supervised release. Mr. Davis currently is serving his sentence at the Federal Correctional Institution in McDowell County, West Virginia (FCI McDowell). The Bureau of Prisons (BOP) has scheduled Mr. Davis for release on December 12, 2027. Mr. Davis, representing himself, represents that he has exhausted his administrative remedies before filing with this Court his motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF 207. The Government argues that Mr. Davis has not exhausted his administrative remedies and opposes Mr. Davis's motion on the merits. ECF 213. The Court will assume without deciding that Mr. Davis has exhausted his administrative remedies.

In his motion, Mr. Davis argues that compassionate release is warranted based on extraordinary and compelling reasons, specifically an impending family hardship and his

conditions of release during COVID. ECF 207. Mr. Davis requests that he be allowed to serve the remainder of his term of imprisonment on "house arrest" so that he can facilitate medical care to his ailing father who has no other family member who can provide that assistance. *Id*. As noted, the Government opposes Mr. Davis's motion on the merits. ECF 213. The Court finds that a reduction in Mr. Davis's sentence of imprisonment would undermine the sentencing factors identified by Congress in 28 U.S.C. § 3553(a). The Court, therefore, denies his motion for compassionate release.

A federal district court generally "may not modify a term of imprisonment once it has been imposed[.]" 18 U.S.C. § 3582(c); *see also Dillon v. United States*, 560 U.S. 817, 824-25 (2010). Under 18 U.S.C. § 3582(c)(1)(A), Congress provided an exception, commonly known as "compassionate release," to reduce a defendant's sentence when there are "extraordinary and compelling reasons." Under the original statute, only the Director of the BOP, acting on a defendant's behalf, could file a motion for sentence reduction under § 3582(c)(1)(A). *See United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021).

In the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5191 (2018), Congress amended § 3582(c)(1)(A) to allow a defendant, after first requesting the BOP to move for a sentence reduction on the defendant's behalf, directly to ask the district court for a reduction in sentence. In relevant part, that statute reads:

> [T]he court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

PAGE 2 – ORDER

> (i) Extraordinary and compelling reasons warrant such a reduction;
>
> \* \* \*
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A).

The United States Sentencing Commission's policy statements identify categories of extraordinary and compelling reasons, including the defendant's age, medical condition, and family circumstances. U.S.S.G. § 1B1.13 app. n.1(A)-(C). The Sentencing Commission's policy statements only apply to motions under § 3582(c)(1)(A) filed by the BOP Director on behalf of a defendant. *See Aruda*, 993 F.3d. at 802. On a defendant's direct motion for compassionate release, however, the policy factors "may inform a district court's discretion . . ., but they are not binding." *Id*. (citation omitted). As a result, a district court may consider any extraordinary and compelling reason for release that a defendant raises. *Id*.

Mr. Davis's early release would undermine the sentencing factors listed in 18 U.S.C. § 3553(a). The nature of his underlying offense is significant. The sentence ordered by the Court was necessary to reflect the seriousness of this offense, promote respect for the law, provide just punishment for the offense, and afford adequate deterrence to future criminal conduct.

Because compassionate release is not warranted in this case, the Court DENIES Mr. Davis's motion for early release. ECF 207.

**IT IS SO ORDERED.**

DATED this 26th day of July, 2023.

*/s/ Michael H. Simon*
Michael H. Simon
United States District Judge
