**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

**UNITED STATES OF AMERICA**,

v.

**JEFFERSON BRYANT DAVIS**,

Defendant.

Case No. 3:10-cr-339-SI

**ORDER**

**Michael H. Simon, District Judge.**

On July 22, 2011, Defendant Jefferson Bryant Davis pleaded guilty to one count of sex trafficking of a minor. On October 25, 2011, the Court (the Hon. Ancer L. Haggerty, presiding) sentenced Defendant to a term of imprisonment of 240 months, followed by five years of supervised release. Defendant currently is serving his sentence at the Federal Correctional Institution ("FCI"), Marion in Illinois. As relevant here, he previously was housed in FCI Beaumont in Texas. The Bureau of Prisons ("BOP") has scheduled Defendant for release on March 29, 2028,[1] and he is eligible for home detention as of September 29, 2027.

In May 2023, Defendant, representing himself, filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF 207. He argued that release was warranted because he was needed as a caregiver for his ill father. The Court denied the motion on July 26, 2023. ECF 219.

[1] His scheduled release date is later than when he filed his last motion for compassionate release because he continues to have disciplinary infractions that remove his good time credits.

Before the Court is Defendant's second motion, through counsel, for compassionate release under § 3582(c)(1)(A). Defendant again argues that he is a needed caregiver for his father, citing U.S.S.G. § 1B1.13(b)(3)(C). He also asserts that the government failed to keep him safe from a serious assault that occurred while he was housed at FCI Beaumont, relying on § 1B1.13(b)(5) and arguing that his injuries were "similar in gravity" to offenses under § 1B1.13(b)(4)(B). Finally, Defendant contends that the conditions at FCI Beaumont were so harsh that it supports a finding of extraordinary and compelling circumstances under § 1B1.13(b)(5).

The Government objects to Defendant's motion. The Government argues that Defendant has not exhausted his administrative remedies for his claims based on anything other than his need as a caregiver to his father, and opposes Defendant's motion on the merits as failing to meet the standards and would upset the factors under 18 U.S.C. § 3553(a). The Court assumes without deciding that Defendant has exhausted his administrative remedies for all claims.

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c)). Under 18 U.S.C. § 3582(c)(1)(A), Congress provided an exception, commonly known as "compassionate release," to reduce a defendant's sentence. In relevant part, that statute reads:

> [T]he court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) Extraordinary and compelling reasons warrant such a reduction;

> * * *
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A).

Thus, to qualify for such relief, a defendant must show: (1) that he has sufficiently exhausted administrative remedies, if the issue is raised by the government; (2) that "extraordinary and compelling reasons" warrant a sentence reduction; and (3) that the reduction is consistent with any applicable 18 U.S.C. § 3553(a) factors. *See id.*; *United States v. Keller*, 2 F.4th 1278, 1282-84 (9th Cir. 2021) (holding "hold that § 3582(c)(1)(A)'s administrative exhaustion requirement is mandatory and must be enforced when properly raised by the government" and that courts also "consider (1) whether 'extraordinary and compelling reasons warrant such a reduction'; and (2) 'the factors set forth in section 3553(a) to the extent that they are applicable'" (quoting 18 U.S.C. § 3582(c)(1)(A)(i)).

The policy statements of the United States Sentencing Commission ("Sentencing Commission") identify categories of extraordinary and compelling reasons. These include the defendant's age, medical condition, family circumstances, and status as a victim of abuse. U.S.S.G. § 1B1.13(b)(A)-(D). They also include "any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." § 1B1.13(b)(E).

Originally, the Sentencing Commission's policy statements only applied to motions under § 3582(c)(1)(A) filed by the BOP Director on behalf of a defendant. *See United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021). The Ninth Circuit concluded that those statements were not "binding" on a district court. *Id.* "In 2023, however, the Commission amended § 1B1.13 to govern motions by a defendant." *United States v. Troiano*, --- F. 4th ----, 2026

WL 2683535, at *5 (9th Cir. Sept. 14, 2026) (quotation marks omitted). Thus, "[t]oday, courts are bound by the § 1B1.13 Policy Statement in deciding all motions for sentence reduction under § 3582(c)(1)(A)." *Id.*

Defendant fails to offer sufficient evidence that he is the only person who can provide care for his father or that his father's medical condition meets the elements of U.S.S.G. § 1B1.13(b)(3)(C). Regarding the conditions of confinement at FCI Beaumont, he is no longer housed in that facility and thus its conditions do not serve as extraordinary and compelling reasons to release Defendant. Assuming without deciding that the assault on Defendant meets the U.S.S.G.'s relevant definition of "serious bodily injury," the Court does not find that it is an extraordinary and compelling reason to release Defendant. It was a single incident that required hospitalization but without significant medical injuries.

Additionally, even if the assault on Defendant served as an extraordinary and compelling reason, Defendant's early release would undermine the sentencing factors listed in 18 U.S.C. § 3553(a). The nature of his underlying offense is significant. The sentence ordered by the Court was necessary to reflect the seriousness of this offense, promote respect for the law, provide just punishment for the offense, and afford adequate deterrence to future criminal conduct.

Because compassionate release is not warranted in this case, the Court DENIES Defendant's motion for early release. ECF 237.

**IT IS SO ORDERED.**

DATED this 16th day of October, 2026.

*/s/ Michael H. Simon*
Michael H. Simon
United States District Judge